UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-192

LYDA P. CONNER                                                                                       Plaintiff,

v.

U.S. DEPARTMENT OF THE ARMY, et al.                                                  Defendants.

## **MEMORANDUM OPINION**

This matter comes before the Court upon the Motion to Dismiss of the federal defendants (collectively "Defendants"), which include the Department of the Army and various employees thereof. (Docket No. 22.) Plaintiff Lyda P. Conner filed a response, (Docket No. 34), and Defendants replied, (Docket No. 40). For the reasons stated below, Defendants' Motion will be GRANTED.

**Factual Background**

The plaintiff in this case is the widow of Lt. Garlin M. Conner, who served in the Third Infantry Division of the United States Army for twenty-eight months during eight campaigns. In recognition of Lt. Conner's extraordinary courage and patriotic service, he received many awards, including four Silver Stars, seven Purple Hearts, and the Distinguished Service Cross.

On January 7, 1998, Ms. Conner requested that the Army Board for the Correction of Military Records ("ABCMR" or "the Board") "upgrade" her late husband's Distinguished Service Cross to the Medal of Honor. On November 16, 1999, the Director of the ABCMR notified Ms. Conner that the Board denied her request. (Docket No. 1 at 3.) This notification explained that the Board's decision was final and that she could request consideration only upon

presenting "newly discovered relevant evidence that was not available to the Board" when it denied the initial application. (Docket No. 22-2 at 33.)

The Board construed a series of undated letters from Richard Chilton, Ms. Conner's representative, as requests for reconsideration. On June 7, 2000, it again denied the sought-after relief, having determined that the evidence presented failed to meet the criteria established in the Army Regulations. (Docket No. 1 at 4.)

Upon receiving requests for additional reconsideration, the ABCMR Director wrote Ms. Conner on September 22, 2000, to explain the procedure for processing requests to correct military records. (Docket No. 22-2 at 18.) The Director explained that Ms. Conner original application was denied by the Board on November 16, 1999. It was then reconsidered and denied on June 7, 2000. He concluded by informing Ms. Conner that no basis existed to warrant resubmission to the Board; therefore, her request was returned to her without action. (Docket No. 22-2 at 18.)

In October 2007, Ms. Conner submitted an Application for Correction of Military Record, including newly discovered eyewitness accounts. In response, the ABCMR Director directed Ms. Conner to Army Regulation 15-185, which governs requests for reconsideration. (Docket No. 1 at 4.) Pointing to the Board's previous actions upon Ms. Conner's requests on June 7, 2000 and September 22, 2000, the Director explained that its decision constituted the final administrative action and that no further action would be taken. (Docket No. 22-2 at 10.) The case was administratively closed, and no hearing was held.

Two months later, on November 7, 2008, the Chief of the ABCMR's Case Management Division corresponded with Ms. Conner in response to an additional request for reconsideration

2

that she submitted through a Member of Congress. He explained that her case had been considered on November 4, 1999; was then reconsidered; and was ultimately closed without referral to the Board. (Docket No. 22-2 at 9.) He returned her request without action. (Docket No. 1 at 4.)

On February 5, 2009, the ABCMR Director wrote to Ms. Conner in response to several letters he had received on her behalf. These letters requested a hearing to consider new information, including the testimony of Major General Lloyd B. Ramsey. (Docket No. 1 at 4.) The Director again explained the regulatory provisions governing reconsideration and explained that the most recent information submitted on behalf of her husband did not constitute new evidence as required under Army Regulation 15-185 and did not warrant a formal hearing. (Docket No. 22-2 at 4.) He advised her that that the ABCMR's consideration had been exhausted.

Ms. Conner alleges that her most recent request included recently discovered eyewitness accounts of her husband's heroism. (Docket No. 1 at 2.) She now challenges the authority of ABCMR staff to determine that these new accounts do not constitute new evidence and to close the file without a hearing before the ABCMR Board. (Docket No. 1 at 2.) She alleges that the Administrative Procedure Act ("APA") precludes the Board's arbitrary and capricious abuse of its discretion in refusing to consider the newly discovered evidence. She further contends that the failure to consider the new accounts violates 10 U.S.C. § 1552. (Docket No. 1 at 5-6.) She requests this Court to order the ABCMR to conduct a formal hearing.

**Legal Standard**

In their Motion, the Defendants argue both that the Court lacks jurisdiction to hear Ms. Conner's claim and that she has not stated a claim upon which relief may be granted. The Court

will consider the 12(b)(1) argument first, as Ms. Conner's Rule 12(b)(6) argument will be rendered moot if the Court lacks subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) (explaining that a motion to dismiss for failure to state a claim may be decided only after establishing subject matter jurisdiction, since determining the validity of the claim is, in itself, an exercise of jurisdiction).

   I.   **Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure**

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(h)(3) instructs that "[w]henever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face or may go beyond the complaint and challenge the factual existence of subject matter jurisdiction.

The Court is not bound to accept as true the allegations of the complaint as to jurisdiction where a party properly raises a factual question concerning the court's jurisdiction. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). Rather, the Court may look beyond the jurisdictional allegations and view whatever evidence has been submitted to determine whether subject matter jurisdiction in fact exists. *Id.* (citing *Gibbs v. Buck*, 307 U.S. 66, 72

(1939)). Moreover, the Court is empowered to resolve factual disputes in the context of a challenge to subject matter jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

"Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Ashland Hosp. Corp. v. Int'l Broth. of Elec. Workers,* 807 F. Supp. 2d 633, 638 (E.D. Ky. 2011) (quoting *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n,* 287 F.3d 568, 573 (6th Cir. 2002). Specifically, the plaintiff must establish both that her complaint alleges a claim under federal law and that her claim is not frivolous. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 n.1 (6th Cir. 1996).

II. **Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure**

By contrast, in a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). The motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *DirecTV, Inc.*, 487 F.3d 471 at 476 (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)).

Although a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

Although Rule 12(b) does not specifically address motions to dismiss based on the alleged expiration of the applicable statute of limitations, a complaint that shows on its face that relief is barred by the affirmative defense of the statute of limitations is properly subject to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *City of Painesville, Ohio v. First Montauk Fin. Corp.*, 178 F.R.D. 180, 193 (N.D. Ohio 1998). A statute of limitations defense essentially signifies that the face fo the complaint contains an insurmountable bar to relief, indicating that the plaintiff has no claim. *See Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 828 (S.D. Ohio 1998) (citing *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978)).

## Discussion

### I. The Court may properly exercise jurisdiction over Ms. Conner's claim.

The "Secretary of a military department may correct any military record . . . [t]o correct an error or remove an injustice." 10 U.S.C. § 1552. The Secretary acts through Boards for Correction of Military Records comprised of civilian members. Each department of the military operates its own board pursuant to separate regulations. *Id.*

Challenges to the decisions of military correction boards are reviewable under the APA, which empowers courts to set aside final agency action that is "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see Upsher v. U.S. Army*, 198 F.3d 248 (6th Cir. 1999). The Court may review whether the Board complied with its own established rules. *See Sargisson v. United States*, 913 F.2d 918, 921 (Fed. Cir. 1990). Here, Ms. Conner alleges that the Board failed to properly apply its governing regulations by failing to consider new evidence and permitting staff members to determine whether a hearing is warranted. Therefore, the Court may properly exercise jurisdiction and will dismiss Defendants' 12(b)(1) motion.

An applicant seeking relief from a military corrections board are bound by the board's determination unless she can demonstrate that the determination was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. *Covill v. United States*, 959 F.2d 58, 62-63 (6th Cir. 1992); *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998); *Koretsky v. United States*, 57 Fed. Cl. 154, 158 (2003); *Myers v. United States*, 50 Fed. Cl. 674, 688 (2001); *Baker v. Schlessinger*, 523 F.2d 1031, 1035 (6th Cir. 1975). An agency decision is "arbitrary and capricious" when the agency:

> has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 (2007) (quoting *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The Court's review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983). Moreover, "[i]n determining

whether an agency action violates the APA, the court must determine whether the agency conformed with controlling statutes, and whether the agency has committed a clear error of judgment." *Wilson v. U.S. Air Force*, 2011 WL 310209, at *9 (E.D. Ky. Jan. 28, 2011) (quoting *O'Rourke v. Dep't of the Air Force*, 2005 WL 3088611, at *3 (N.D. Ohio Nov. 16, 2005).

Although the Board's decisions are reviewable under the APA, courts adopt an "unusually deferential application of the 'arbitrary and capricious' standard" in context of a § 1552 proceeding. *O'Rourke*, 20005 WL 3088611 at *3 (citing *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)). Ms. Conner must, therefore, overcome "the strong but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Frizelle v. Slater*, 111 F.3d 172, 177 (U.S. App. D.C. 1997).

However, even under this deferential standard, a plaintiff can establish that the Board's decision-making process was arbitrary and in violation of the APA if the Board failed to consider or respond to arguments made by the plaintiff that are not "frivolous on their face and could affect the Board's ultimate disposition." *Id.* Although the Board is not required to consider each of Ms. Conner's arguments on their merits, if it decides not to address such arguments, it must explain why. *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 53 (D.D.C. 2005).

**II.     Because Ms. Conner's claims are time-barred, they must be dismissed.**

Army Regulation 15-185 establishes procedures for processing requests for correction of military records. Paragraph 2-15b of this Regulation applies to cases involving requests for consideration that are received more than one year after the Board's original consideration or after the Board has already reconsidered the case. (Docket No. 22-2 at 18.) In such cases, the

8

Board's staff reviews the request to determine if substantial relevant evidence shows fraud, mistake in law, mathematical miscalculation, or manifest error, or if substantial relevant new evidence was discovered contemporaneously or within a short period after the original decision. (Docket No. 22-2 at 18.) In the absence of such evidence, the Board will return the application without action.

"A claim against the United States can only be brought 'six years after the right of action first accrues.'" *Davis v. United States*, 589 F.3d 861, 863 (6th Cir. 2009) (quoting 28 U.S.C. § 2401(a)). The six-year limitation period is tolled for a plaintiff who has timely filed for reconsideration within the one-year period provided in the Regulation. *Id.* at 865 ("[S]o long as a party is properly and in a timely fashion pursuing exhaustion of administrative remedies, the statute of limitations is tolled. . . . [I]f the veteran chooses to exercise the regulatory right to bring a timely administrative appeal, then the statute is tolled during that period."). However, a late-filed request for reconsideration does not toll the accrual date. *Id.* at 862.

Ms. Conner received her first decision from the Board on November 16, 1999. (Docket No. 1 at 3.) The Board denied her request for reconsideration on June 7, 2000, notifying her of its decision on June 14, 2000. (Docket No. 1 at 3.) The Board affirmed the initial denial of Ms. Conner's request, finding that the evidence she presented did not satisfy the criteria established in the Army Regulations. (Docket No. 1 at 3.)

Thereafter, over the course of nine years, the Board responded to a series of applications, correspondences, and inquiries seeking award of the Medal of Honor to Lt. Conner. As each of the subsequent letters explained, the additional information Ms. Conner submitted did not constitute "new evidence" and thus did not justify an exception to the regulation or warrant

further reconsideration. At any rate, this persistent correspondence has no effect upon the fact that the ABCMR considered the case in 1999 and reconsidered it in 2000. Ms. Conner's requests subsequent to the denied reconsideration were not submitted within the Regulation's one-year period and thus did not toll the accrual date.

In sum, the six-year statute of limitations began running on June 14, 2000, when the Board denied reconsideration. The limitations period ended six years later, on June 14, 2006. Because the Board's 2000 decision was final, her subsequent requests for reconsideration did not toll the statute. Consequently, Ms. Conner's claim is time-barred.

## Conclusion

The face of Ms. Conner's Complaint contains an insurmountable bar to relief, establishing that she has no claim upon which relief may be granted. *Ashiegbu*, 76 F. Supp. 2d at 828. Construing the Complaint in the light most favorable to her, relief is nonetheless barred by the applicable statute of limitations and is thus properly subject to Rule 12(b)(6) dismissal. *City of Painesville*, 178 F.R.D. at 193. Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim will be sustained, and an appropriate judgment will be entered.

Despite the required dismissal of Ms. Conner's claim, the Court finds further comment is equally compelled. Lt. Conner has been recognized for extraordinary courage and patriotic service. In addition, he received many other well-deserved awards, including the Silver Star, seven Purple Hearts, and the Distinguished Service Cross. The Court, as well as all Americans, are touched and deeply appreciative of Lt. Conner's sacrificial service and honor to the military and to the United States of America. Dismissing this claim as required by technical limitations in no way diminishes Lt. Conner's exemplary service and sacrifice.

The Court being otherwise sufficiently advised, the Motion of Defendants to dismiss this action pursuant to Rule 12(b)(6) is hereby SUSTAINED. A Final Judgment in conformity with this Memorandum Opinion and Order shall be entered on this date, dismissing Plaintiff's claims against Defendants with prejudice and directing the Clerk of Court to strike this action from the Court's docket.